# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
JIMMY FLETCHER MEDERS,

     Petitioner,

     v.                                    CV 207-90

BRUCE CHATMAN, Warden, Georgia
Diagnostic Prison,

     Respondent.
```

## ORDER

Presently before the Court is Petitioner's Rule 59(e) Motion to Alter and Amend the Judgment (Dkt. no. 62) in the Court's Order denying Petitioner's Writ of Habeas Corpus. See Dkt. no. 59 ("Order"); Dkt. no. 35 (Amended Petition, or "Petition"). Because there are no manifest errors of law or fact in the Order, Petitioner's Motion is **DENIED**.

## BACKGROUND

Petitioner does not challenge how the Court presented or understood the factual and procedural background of this case, so the Court will not re-chronicle those details here. See Order at 2-19. But generally, Petitioner Meders was convicted at trial of shooting a store clerk and stealing some food stamps from a cash register in 1987. The food stamps and murder weapon were later found on Petitioner's person and under his bed,

respectively. At the subsequent trial, Petitioner's counsel was ineffective in many respects. Petitioner now seeks habeas relief for this deficiency, along with several other alleged constitutional faults with his trial and conviction.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) allows for motions to alter or amend a judgment. Fed. R. Civ. P. 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). A party cannot use a Rule 59(e) motion "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

A Rule 59(e) motion to reconsider "is properly brought to correct a clear error in the court's interpretation of either the facts or the law. It should be used in order to prevent manifest injustice, however it is an extreme measure, and substantial discretion rests with the court in granting such a motion." Morning Star Assocs., Inc. v. Unishippers Global Logistics, LLC, No. CV 115-033, 2015 WL 3650192, at *2 (S.D. Ga. June 10, 2015) (quoting Medley v. Westpoint Stevens Inc., 162 F.R.D. 697, 698 (M.D. Ala. 1995)). This will require a showing

of "clear and obvious error where the interests of justice" demand correction. Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985).

## DISCUSSION

### I. Claim I: Ineffective Assistance of Counsel

#### a. Ineffective Assistance of Counsel at Sentencing

Petitioner argues that this Court's denial of his claim for ineffective assistance of counsel at the sentencing phase on procedural grounds is flawed for two reasons: first, Petitioner says the Court incorrectly failed to determine if Petitioner failed to fairly present this issue to the trial court on remand and to the Georgia Supreme Court on appeal of the remand court's order. See Order pp. 32-35. Second, Petitioner argues that instead of conducting its own procedural default analysis, the Court incorrectly relied on a ruling by the state habeas court, which was not binding on this Court if the issue had been fairly presented on remand and on appeal therefrom. Id. pp. 35-42.

Petitioner's objections fail because his arguments misunderstand how federal courts determine whether a state procedural ruling precludes federal review. It is important to respect the state court's role in the habeas process. Federal habeas review "reduces the finality of litigation and frustrates states' sovereign power to punish offenders," along with their "good-faith attempts to honor constitutional rights." Atkins v.

Singletary, 965 F.2d 952, 956 (11th Cir. 1992) (quoting Murray v. Carrier, 477 U.S. 478, 487 (1986)). Thus, when a state prisoner fails to follow state procedural rules and procedurally defaults on a claim, "our authority to review the prisoner's state court criminal conviction is 'severely restricted.'" Atkins, 965 F.2d at 956 (quoting Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991)).

The doctrine of procedural default dictates that "[a] state court's rejection of a petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). But to preclude federal review, a state court's rejection of a federal constitutional claim on procedural grounds must rest on "adequate and independent" state grounds. Marek v. Singletary, 62 F.3d 1295, 1301 (11th Cir. 1995). The Eleventh Circuit has established a three-part test to enable courts to determine when a state court's procedural ruling constitutes an independent and adequate state rule of decision:

> First, the last state court rendering of a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate, i.e., firmly

AO 72A
(Rev. 8/82)

>established and regularly followed and not applied in
>an arbitrary or unprecedented fashion.

Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (citing Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)). Despite the wording of the first step, the Eleventh Circuit has qualified it to mean that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ward, 592 F.3d at 1157 n.5.

Here, the Court applied Judd's three-part analysis, along with Ward's qualification of the first step, and concluded that the state habeas court had ruled, exclusively on state procedural grounds, that Petitioner's sentencing ineffective assistance of counsel claim was procedurally defaulted. Further, the Court concluded that Georgia's procedural default rules cited by the habeas court are regularly applied and have been given deference by the Eleventh Circuit, and that the Georgia Supreme Court did not disturb the habeas court's finding of procedural default. Order at 36-37.

In its Rule 59(e) motion, Petitioner contends that the United States Supreme Court has "consistently held that the question of when and how defaults in compliance with state procedural rules can preclude [federal courts'] consideration of a federal question is itself a federal question." Dkt. no. 62,

p. 13 (quoting <u>Johnson v. Mississippi</u>, 486 U.S. 578, 587 (1988)). From this quote, Petitioner surmises that "the Court's duty is to determine for itself, based on federal law, whether Meders fairly presented his sentencing claim to the remand court and the Georgia Supreme Court." This is not so. Immediately after stating that whether a state procedural default precludes federal review of a federal question is itself a federal question, the Court noted that "[a] state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly followed.'" <u>Johnson</u>, 486 U.S. at 587. Thus, the federal inquiry after a state procedural default of a federal claim is not, as Petitioner would have, a *de novo* review of whether or not the claim was fairly presented. Instead, the federal inquiry is whether the state court actually determined that the claim was procedurally defaulted exclusively by an adequate and regularly followed state procedural rule. This is exactly what the <u>Judd/Ward</u> three-step analysis accomplishes, and this was the test the Court applied to Petitioner's sentencing ineffective assistances of counsel claim. There was no manifest error in the Court's application of the law.

### b. Ineffective Assistance of Counsel at the Guilt/Innocence Phase

Petitioner next argues that the Court erred in determining that while Petitioner's trial counsel "was deficient for most of

the claims," the remand court's decision was not unreasonable under § 2254(d). Specifically, Petitioner claims that the court failed to consider the totality of the evidence in determining whether or not the remand court's determination that trial counsel's deficiencies did not prejudice Petitioner was a reasonable application of Strickland v. Washington, 466 U.S. 668 (1984). He also argues that the Court erroneously conflated the two subsections of § 2254(d) by failing to analyze § 2254(d)(1) separately from § 2254(d)(2).

### i. The Prejudice Analysis

Under § 2254(d)(1), a federal court may not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision. Williams v. Allen, 542 F.3d 1326, 1336 (11th Cir. 2008) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). The focus of the "unreasonable application" inquiry is on "whether the state court's application of clearly established

federal law is objectively unreasonable." Williams v. Allen, 542 F.3d at 1336 (quoting Bell v. Cone, 535 U.S. 685, 694 (2002)).

The Supreme Court established the legal principles governing ineffective assistance claims in Strickland v. Washington, 466 U.S. 668 (1984). Williams v. Allen, 542 F.3d at 1336. Strickland identified two components to an ineffective assistance claim: "A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Id. at 1336-1337 (citing Strickland, 466 U.S. at 687).

Here, the Court's prior Order concluded that trial counsel's performance was deficient in some regards. Order at 46-48. However, the Court held that the remand court's conclusion that the deficiency did not prejudice the defense was not unreasonable under § 2254(d). Id. 49, 53. Petitioner takes issue with the Court's prejudice analysis. Dkt. no. 62, p. 16

Specifically, Petitioner argues that the Court failed to consider the totality of the available evidence when it re-weighed all of the evidence against the evidence in the trial that was affected by trial counsel's deficient performance. While it is true that failing to evaluate the totality of the evidence in a prejudice analysis "constitutes an unreasonable application of Strickland," the Court did consider the totality of the evidence in its analysis. See Williams v. Allen, 542 F.3d

AO 72A
(Rev. 8/82)

at 1344. In examining the remand court's prejudice analysis, the Court expressed its understanding that the prejudice analysis must involve a global consideration of the facts when it noted that:

> All of these factual nuances were not determinative of Meders's guilt, but these minute battles could have informed the jury's decision on the ultimate dispute between the witnesses actually present to the murder: whether Arnold or Meders shot the store clerk. It seems possible that the jury discussed the witnesses' credibility and whether parts of Meders's story could be substantiated.

Order at 54. Thus, the Court considered the totality of the evidence when it reviewed the remand court's prejudice analysis.

Nevertheless, Petitioner maintains that the Court's analysis was "piecemeal" because it purportedly either failed to address certain evidentiary issues or failed to reach the same conclusions from those issues that Petitioner would reach. These include certain jury questions, Harris's potentially inconsistent testimony regarding the murder weapon, and trial counsel's other missed opportunities to impeach Harris. However, the Court did not dwell on these particular issues because, as it stated at the outset, the most critical battle at the trial was one of credibility, and there were "serious deficiencies" with Meders's own credibility. Id. 53, 55. These deficiencies would persist with or without the impeachment evidence against Harris or the corroborative evidence in favor of Petitioner that

trial counsel erroneously failed to utilize at trial. While it is plausible—and even likely—that trial counsel's deficient representation in regards to certain evidence unnecessarily made the other witnesses' testimonies more credible than Petitioner's, Petitioner's credibility deficiencies could *still* lead the jury to put more trust in the State's witnesses. The Court will not amend this portion of its Order.

### ii. The § 2254(d) Analysis

Petitioner next argues that the Court's § 2254(d) analysis as to Claim I is flawed because it failed to differentiate between § 2254(d)(1), which asks whether the state court reasonably applied Supreme Court precedent, and § 2254(d)(2), which asks whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d)(1), (d)(2). Petitioner further argues that this "problem is exacerbated by the Court's failure to cite to a single case addressing the parameters of unreasonable application of Strickland or an unreasonable determination of the facts." Dkt. no. 62, p. 24.

The Court did not conflate the § 2254(d)(1) and (d)(2) analyses. The Order clearly sets out the separate standards of each analysis, and considered the standards for each analysis throughout the Order. See Order at 29-30. Additionally, even if

AO 72A
(Rev. 8/82)

failing to cite case law addressing what constitutes unreasonable applications of Strickland or unreasonable determinations of the facts, it would not warrant an amendment in this case. In discussing the § 2254(d) standards, the Court cited to Sochor v. Sec'y Dep't of Corr., 685 F.3d 1016 (11th Cir. 2012), Order at 29-30, Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000), id. at 31, Rompilla v. Beard, 545 U.S. 374 (2005), id. at 43, Johnson v. Sec'y, DOC, 643 F.3d 907 (11th Cir. 2011), Ferrell v. Hall, 640 F.3d 1199 (11th Cir. 2011), id. at 46, and Harrington v. Richter, 562 U.S. 86 (2011), id. at 51-52, among others.

No amendment is warranted on the Court's adjudication of Petitioner's Claim I.

### II. Claims 2, 6, and 13[1]

Petitioner argues that the Court failed to consider the totality of the evidence when it found that Petitioner failed to show sufficient prejudice in a "cause and prejudice" analysis in order to overcome procedural default as to Claims 2 and 5, and also when it found that Petitioner failed to show prejudice to justify relief for Claim 13. Petitioner also asks the Court to amend its finding with respect to cause concerning Claims 2 and 6.

---

[1] Petitioner's Motion also mentions Claim 5 in the section-heading for these arguments and in the introductory sentence. However, Petitioner makes no other reference to, or argument regarding, Claim 5 in this section. He has not argued any basis for amending the Court's holding on this claim.

### a. Exceptions to Procedural Default

As the Court observed in its prior Order, there are two situations in which an otherwise adequate and independent state ground will not bar a federal habeas court from considering a constitutional claim that was procedurally defaulted in the state courts: (1) where the prisoner had good cause for not following the state procedural rule and was prejudiced by not having done so; and (2) where failure to consider a prisoner's claim will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

The "cause and prejudice" standard is framed in the conjunctive. Thus, a petitioner must affirmatively prove both cause and prejudice. Cf. Ward, 592 F.3d at 1157 ("It is well established that if the petitioner fails to show cause, [the court] need not proceed to the issue of prejudice.").

"To show cause, the petitioner must demonstrate 'some objective factor external to the defense' that impeded his effort to raise the claim properly in state court." Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Objective factors that constitute cause include "interference by officials" that makes compliance with the state's procedural rule impracticable and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Zeigler v. Crosby, 345

12

F.3d 1300, 1305 (11th Cir. 2003) (per curiam) (quoting Carrier, 477 U.S. at 488). In addition, "ineffective assistance [of counsel] adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, attorney error short of ineffective assistance of counsel does not constitute cause and will not excuse a procedural default. McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Further, "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." Reed v. Ross, 468 U.S. 1, 16 (1984).

If cause is established, a habeas petitioner must also prove "actual prejudice from the alleged constitutional violation." Ward, 592 F.3d at 1157. "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1180 (11th Cir. 2010). Such a showing must go beyond proof "that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982);

13

see also Ward, 592 F.3d at 1157 ("[T]o show prejudice, a petitioner must demonstrate that the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." (internal quotation marks omitted)).

Petitioner argues that the Court's Order as to prejudice in Claims 2, 6, and 13 failed to review the totality of the evidence as it relates to prejudice. Petitioner urges that the Court should have considered "all of the evidence that should have been admitted or should have been excluded but for trial counsel's deficient performance," and should have "reweighed that against the trial that the jury saw to determine if there was a reasonable probability that the result of the proceeding would have been different." Dkt. no. 62 (citing Porter v. McCollum, 558 U.S. 30, 41 (2009); Williams v. Allen, 542 F.3d at 1344).

Claims 2, 6, and 13 all involve incidents at trial that, Petitioner argues, made him look less credible than the witnesses against him. Claims 2 and 6 involved the procedurally defaulted claim that the prosecution, at trial, introduced false testimony from the lead detective that there was no evidence in the case to corroborate Petitioner's testimony about the truck shootings—even though police reports about the truck shootings were in the detective's file. Petitioner would have used this

14

evidence to corroborate his own story and to impeach the testimonies of Harris, Creel, and Arnold. The prosecution, at closing, then suggested that the state's witnesses had told the same story from "day one" and that there was no evidence to corroborate Petitioner's testimony. Then the jury was charged with a five-page charge on the credibility of witnesses, which partly suggested that the jury should disregard entirely a witness's impeached testimony unless it is corroborated.

The Court held that Petitioner could not overcome the procedural default because he could neither show cause nor show sufficient prejudice as to these Claims. Order at 57-60, 69, 97-100. No reason exists to amend this prior holding. Even if Plaintiff were to show cause to overcome the procedural default on these claims, the introduction of the corroborative evidence about the truck shootings could not overcome the overwhelming deficiencies in Petitioner's own credibility—deficiencies which are based on unrelated evidence—such that there is a reasonable probability that the outcome of the trial would have been different. See, e.g., Order at 54-57.

## CONCLUSION

For these reasons, Petitioner's Motion to Amend (Dkt. no. 62) is **DENIED**. The Clerk of Court shall close the case.

**SO ORDERED**, this 22ND day of September, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

16